## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIAS INDUSTRIES, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.** ___2:20-cv-1011 |
| **KISSLER & CO. INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Elias Industries, Inc. files this complaint against Defendant Kissler & Co., Inc. ("Defendant" or "Kissler") and alleges as follows:

### PARTIES

1.      Plaintiff Elias Industries, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and having a principal place of business at 605 Epsilon Drive, Pittsburgh, Pennsylvania 15238.

2.      Upon information and belief, Kissler is a corporation organized and existing under the laws of the State of New Jersey and having a principal place of business at 770 Central Boulevard, Carlstadt, New Jersey 07072. Kissler may be served with process through its registered agent, Barry Kissler, 770 Central Boulevard, Carlstadt, New Jersey 07072.

### JURISDICTION AND VENUE

3.      This action arises under the Computer Fraud and Abuse Act (18 U.S.C. § 1030 *et seq*.) and Pennsylvania common law. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 and general principles of ancillary and pendent jurisdiction.

4.      Personal jurisdiction over Kissler is proper because it, upon information and belief, regularly conducts business and committed unlawful acts in this judicial district as explained further below.

5.      Venue proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district, and a substantial part of the property that is the subject of the action resides in this district.

## FACTUAL BACKGROUND

**A.      <u>The parties</u>**

6.      Elias Industries, Inc. is a Pennsylvania-based, family-owned, and operated business. Tapco Genuine Parts Center ("Tapco") is a division of Elias Industries, Inc.

7.      Since Joseph Elias founded Tapco in 1954, three generations of the Elias family have built Tapco into the largest wholesale distributor of genuine OEM plumbing parts in the United States. Tapco supplies plumbing parts for eighty-five of the world's top plumbing lines and specializes in hard to find and obsolete plumbing parts to customers. Tapco customers are businesses which, in turn, selling plumbing parts to the consumer.

8.      Tapco proudly serves the needs of thousands of these customers across the country.

9.      Kissler is a New Jersey-based distributor of plumbing parts. Kissler also manufactures parts which attempt to duplicate those of name-brand manufacturers.

**B.      <u>Tapco's Client Portal</u>**

10.      Tapco provides its customers access to an online client portal accessible through its website (the "Client Portal"). The Client Portal allows customers to place and track orders and provides further information on product pricing, availability, and their ordering history. The Client

Portal is available to Tapco customers only. Customers must request and Tapco has to provide a unique login and password to access the Client Portal.

11.     At all relevant times, Tapco owned and maintained the computer systems and servers of which the Client Portal was a specific feature.

12.     At all relevant times, Tapco customers from across the country used and continue to use the Client Portal to place orders for Tapco products which are then shipped to their locations of choice.

13.     In or around September 2018, Tapco initiated a review of its strategic plan regarding the Client Portal. Until that time, Tapco had not tracked which customers used the Client Portal, when, or for what purposes. Tapco realized there was value in obtaining these and other kinds of "analytics" around the use of the Client Portal to further its overall business objectives.

**C.      Tapco tracked visitors to the Client Portal.**

14.     On September 17, 2018, Tapco engaged with a well-known internet technology vendor called KickFire to help in this process. KickFire provides technology allowing owners of websites to identify and track visitors to their sites. Website owners can identify visitors to their sites through a visitor's internet location known as the internet protocol (IP) address.

15.     An IP address is a unique number assigned to all activity on the internet someone performs. Computers do not connect directly to the internet. Instead, they connect through a network which, in turn, facilitates access to the internet on the user's behalf. The network might be a residential internet service provider or a commercial network. Built-in networking standards or protocols govern connection to the internet and the subsequent flow of information back and forth between the user and the websites he/she visits. IP addresses are responsible for delivering

and routing requests for information and attach a sort of electronic return address to all of a user's online requests and activity. This electronic return address used is the user's unique IP address.

16.     IP addresses ultimately can be used to trace online activity back to the location of the user performing it.

17.     KickFire and other companies like it assist customers like Tapco to then use this information for marketing and other purposes.

**D.**     **Tapco discovered Kissler was using the Client Portal without authorization.**

18.     On September 18, 2018, one day after beginning to monitor access of the Client Portal, Tapco began learning who was accessing it, how often, what they were viewing, and the length of time they stayed on each page.

19.     One visitor's access to the Client Portal caught Tapco's attention. This particular visitor used the login credentials of a Tapco customer—L.A.S. Replacement Parts, Inc. ("L.A.S."). L.A.S. is located in the Bronx borough of New York City and is a long-time customer of Tapco.

20.     Oddly, though, a computer user in Carlstadt, New Jersey, used L.A.S.'s credentials to access the Client Portal. Carlstadt, New Jersey, is the location of Kissler.

21.     Tapco traced the IP address assigned to the computer accessing the Client Portal with L.A.S.'s credentials to Kissler's offices in New Jersey. Kissler's access was unauthorized.

22.     Tapco watched as Kissler repeatedly used L.A.S.'s login credentials to access the Client Portal. With this access, Kissler could see Tapco's pricing and inventory as well as previous inquiries L.A.S. made about products, purchases, and shipping history.

23.     Tapco watched as Kissler accessed the Client Portal with L.A.S.'s credentials on four different dates from September 18 through November 5, 2018. Here is a chart describing each instance of authorized access:

| Date of Successful Access to Client Portal | Times of Day |
|---|---|
| September 18, 2018 | 8:42 am, 10:17 am, 12:59 pm, 1:48 pm, and 2:08 pm |
| September 24, 2018 | 2:01 pm |
| September 26, 2018 | 1:00 pm |
| November 5, 2018 | 2:38 pm and 3:09 pm |
| November 7, 2018 | 11:56 am and 2:35 pm |

24.    On November 7, 2018, Tapco suspended L.A.S.'s credentials to prevent Kissler's unauthorized access to the Client Portal. Here is a chart describing each of Kissler's unsuccessful attempts to access the Client Portal from November 7 through November 13, 2018:

| Date of Attempted Access to Client Portal | Times of Day |
|---|---|
| November 8, 2018 | 9:50 am (three attempts), 9:51 am, 9:57 am (five attempts), 10:59 am, and 1:31 pm (two attempts) |
| November 9, 2018 | 8:50 am (two attempts), 9:47 am (three attempts), 10:00 am (two attempts), 4:34 pm (three attempts) |
| November 13, 2018 | 9:10 am (two attempts) |
| November 19, 2018 | 11:00 am, 11:01 am (four attempts), 11:02 am (two attempts), 11:30 am (two attempts), 11:36 am, and 11:37 (four attempts) |
| November 20, 2018 | 12:48 pm (three attempts) and 12:49 (two attempts) |

25.    On November 26, 2018, Kissler stopped trying to access the Client Portal with L.A.S.'s credentials. Instead, Kissler used the login credentials of a former Tapco employee named Ken Hans. Tapco had released Mr. Hans from his employment with Tapco on October 5, 2018.

26.    Kissler was initially successful using Mr. Hans' credentials to access the Client Portal. Then, at 1:10 pm on November 26, 2018, Tapco suspended Mr. Hans' credentials. Kissler tried to access the Client Portal another 22 times that day using Mr. Hans' credentials. Tapco later discovered Mr. Hans had gone to work for Kissler.

27.    Over the next eight months, Kissler and Tapco engaged in an intermittent game of cat and mouse. Kissler used a variety of different credentials to access to the Client Portal. Upon discovery of a successful login by Kissler using a customer's credentials, Tapco immediately suspended the credentials of the particular customer. Kissler would then use a different set of credentials and continue attempting to login. The chart below details Kissler's repeated attempts to gain unauthorized access to the Client Portal and Tapco's efforts to stop it.

28.    Only successful login attempts revealed the identity of customer credentials Kissler used. Unsuccessful login attempts did not reveal this information.

| Date of Attempted Access | Time of Day (Number of attempts) | Tapco Customer Login Credentials Used | Result |
|---|---|---|---|
| November 26, 2018 | 4:37 pm | Central Plumbing Specialties | Successful access before Tapco disables account later in the evening the same day. |
| November 30, 2018 | 5:36 am (four attempts) | Unknown | Unsuccessful |
| November 30, 2018 | 12:13 pm | General Plumbing Supply (New Jersey) | Successful access before Tapco disabled account at 1:19 pm the same day. |

| Date of Attempted Access | Time of Day (Number of attempts) | Tapco Customer Login Credentials Used | Result |
|---|---|---|---|
| November 30, 2018 | 1:16 pm | General Plumbing Supply (New Jersey) | Successful access before Tapco disabled account at 1:19 pm the same day. |
| December 3, 2018 | 6:06 am (three attempts) | Unknown | Unsuccessful |
| December 4, 2018 | 11:25 am (four attempts) | Unknown | Unsuccessful |
| December 4, 2018 | 4:43 pm | Hajoca Corporation | Successful access before Tapco disabled account at 5:00 pm the same day. |
| December 4, 2018 | 4:46 pm | Webster Plumbing Supply | Successful access before Tapco disabled account at 5:00 pm the same day. |
| December 4, 2018 | 4:48 pm | Banner Plumbing Supplies | Successful access before Tapco disables account at 5:00 pm the same day. |
| December 4, 2018 | 4:49 pm | Allied Plumbing & Heating Supply Co. | Successful access before Tapco disables account at 5:00 pm the same day. |
| December 17, 2018 | 12:51 pm (four attempts) | Unknown | Unsuccessful |
| December 17, 2018 | 12:58 pm | Plimpton & Hills | Successful access before Tapco disables account immediately the same day. |
| December 20, 2018 | 11:18 am (two attempts) | Unknown | Unsuccessful |

| Date of Attempted Access | Time of Day (Number of attempts) | Tapco Customer Login Credentials Used | Result |
|---|---|---|---|
| December 20, 2018 | 11:18 am | ARPNY | Successful access before Tapco disables account immediately the same day. |
| January 15, 2019 | 8:54 am (three attempts) | Unknown | Unsuccessful |
| January 15, 2018 | 8:55 am | Southam Boy Plumbing | Successful access before Tapco disables account immediately the same day. |
| January 15, 2019 | 3:04 pm | Unknown | Unsuccessful |
| January 15, 2019 | 3:05 pm (two attempts) | Unknown | Unsuccessful |
| January 15, 2019 | 3:07 pm | Go Atlantic | Successful access before Tapco disables account at 3:32 pm the same day. |
| January 15, 2019 | 3:29 pm | Go Atlantic | Successful access before Tapco disables account at 3:32 pm the same day. |
| February 5, 2019 | 1:06 pm (two attempts) | Unknown | Unsuccessful |
| February 5, 2019 | 1:09 pm | FW Webb | Successful access before Tapco disables account at 1:11 pm the same day. |
| February 5, 2019 | 1:19 pm (two attempts) | Unknown | Unsuccessful |
| February 5, 2019 | 1:20 pm (four attempts) | Unknown | Unsuccessful |

| Date of Attempted Access | Time of Day (Number of attempts) | Tapco Customer Login Credentials Used | Result |
|---|---|---|---|
| February 5, 2019 | 1:22 pm (one attempt) | Unknown | Unsuccessful |
| February 5, 2019 | 1:23 pm (one attempt) | Unknown | Unsuccessful |
| February 5, 2019 | 2:05 pm (one attempt) | Unknown | Unsuccessful |
| February 5, 2019 | 2:06 pm (two attempts) | Unknown | Unsuccessful |
| February 5, 2019 | 2:07 pm (three attempts) | Unknown | Unsuccessful |
| February 5, 2019 | 2:08 pm (one attempt) | Unknown | Unsuccessful |
| February 5, 2019 | 2:09 pm (one attempt) | Unknown | Unsuccessful |
| February 5, 2019 | 2:10 pm (one attempt) | Unknown | Unsuccessful |
| April 3, 2019 | 2:40 pm | Bell-Ridge Plumbing Supply | Successful access before Tapco disables account 2:45 pm the same day. |
| April 3, 2019 | 3:38 pm | Unknown | Unsuccessful |
| April 3, 2019 | 3:39 pm | Unknown | Unsuccessful |
| April 3, 2019 | 3:40 pm (two attempts) | Unknown | Unsuccessful |
| April 3, 2019 | 3:43 pm (four attempts) | Unknown | Unsuccessful |

| Date of Attempted Access | Time of Day (Number of attempts) | Tapco Customer Login Credentials Used | Result |
|---|---|---|---|
| April 4, 2019 | 8:45 am | Hanover Supply | Successful access before Tapco disables account at 10:45 am the same day. |
| June 26, 2019 | 3:10 pm (three attempts) | Unknown | Unsuccessful |
| June 28, 2019 | 10:11 am (two attempts) | Unknown | Unsuccessful |
| June 28, 2019 | 10:13 am (five attempts) | Unknown | Unsuccessful |
| June 28, 2019 | 10:14 am (two attempts) | Unknown | Unsuccessful |
| June 28, 2019 | 10:15 am (two attempts) | Unknown | Unsuccessful |
| June 28, 2019 | 10:24 am (one attempt) | Unknown | Unsuccessful |
| June 28, 2019 | 10:24 am | ARPNY | Successful access before Tapco disables account at 1:33 pm the same day. |
| June 28, 2019 | 1:14 pm | ARPNY | Successful access before Tapco disables account at 1:33 pm the same day. |
| July 12, 2019 | 1:27 pm (four attempts) | Unknown | Unsuccessful |
| July 12, 2019 | 1:28 pm (three attempts) | Unknown | Unsuccessful |

29.     Tapco is unable to determine if, or when, Kissler accessed the Client Portal without authorization prior to September 18, 2018. The frequency with which Kissler accessed the Client

Portal and the persistence in using multiple different login credentials leads Tapco to believe Kissler accessed the portal on numerous occasions prior to September 2018. Kissler likely learned extremely valuable information from its access prior to and after September 2018.

30.     This information included product pricing and availability, customers' buying history, preferences, and timing. Such information provided Kissler with a significant strategic, competitive advantage. Kissler could market the competing products to Tapco customers under more favorable terms.

31.     Each successful instance of Kissler accessing the Client Portal will hereinafter be referred to collectively as the "Fraudulent Access."

32.     Upon information and belief, Tapco has suffered hundreds of thousands—if not millions of dollars—in lost profits and other costs as a result of the Fraudulent Access.

## COUNT I

### Violations of the Computer Fraud and Abuse Act

33.     Tapco repeats and re-alleges each and every paragraph above as if fully set forth herein.

34.     The Fraudulent Access complained of herein constitute violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*.

35.     Kissler repeatedly and intentionally accessed a protected computer belonging to Tapco without authorization through the Fraudulent Access.

36.     The Fraudulent Access resulted in Kissler obtaining information from a protected computer.

37.     The Fraudulent Access has caused loss to Tapco during a period of over one year.

38.     As a direct and proximate result of the Fraudulent Access, Tapco has suffered losses exceeding $5,000. Tapco's losses consist of costs associated with the internal investigation of the Fraudulent Access, costs of computer software to stop and prevent further unauthorized access by Kissler, and attorneys' fees.

## COUNT II

### Tortious Interference with Existing Contractual Relations

39.     Tapco repeats and re-alleges each and every paragraph above as if fully set forth herein.

40.     Tapco is, and was, a party to contracts with its clients for the purchase and sale of plumbing parts.

41.     Kissler purposefully intended to interfere with Tapco's existing contractual client relationships by using the information obtained from the Fraudulent Access to obtain a competitive advantage and negotiate with Tapco's clients under more favorable terms.

42.     Kissler did not have a privilege or justification for its interference with Tapco's existing contractual client relationships.

43.     Tapco has suffered damages as a result of Kissler's interference.

## COUNT III

### Tortious Interference with Prospective Contractual Relations

44.     Tapco repeats and re-alleges each and every paragraph above as if fully set forth herein.

45.     There was a reasonable probability that Tapco would enter into a contractual relationship with potential clients for the purchase and sale of plumbing parts.

46.     Kissler purposefully intended to interfere with Tapco's prospective contractual client relationships by using the information obtained from the Fraudulent Access to obtain a competitive advantage and negotiate with Tapco's potential clients under more favorable terms.

47.     Kissler did not have a privilege or justification for its interference with Tapco's prospective contractual client relationships.

48.     Tapco has suffered damages as a result of Kissler's interference.

## COUNT IV

### Procurement of Information by Improper Means

49.     Tapco repeats and re-alleges each and every paragraph above as if fully set forth herein.

50.     Kissler, through the Fraudulent Access, procured by improper means information about Tapco's business.

51.     Kissler engaged in the Fraudulent Access for the purpose of advancing its rival business interests.

52.     Tapco has suffered damages as a result of Kissler's use of Tapco's business information.

## PUNITIVE DAMAGES

53.     Tapco repeats and re-alleges each and every paragraph above as if fully set forth herein.

54.     As a result of Kissler's conduct described above, Tapco is entitled to exemplary damages in the maximum amount allowed by law.

**REQUEST FOR TEMPORARY INJUNCTIVE RELIEF**

55.     Tapco repeats and re-alleges each and every paragraph above as if fully set forth herein.

56.     As a direct and proximate result of Kissler's acts, Tapco has and continues to suffer irreparable injury for which there is no adequate remedy at law.

57.     Without injunctive relief, Tapco has no means to prevent Kissler's further acts of unauthorized access to the Client Portal. No amount of money damages can adequately compensate Tapco if Kissler continues to access the Client Portal without authorization and obtain competitive, proprietary information about Tapco's business.

58.     Tapco is entitled to injunctive relief prohibiting Kissler from further unauthorized access of the Client Portal. Tapco respectfully requests that the Court issue an injunction as set forth more specifically below.

59.     The nature and magnitude of Kissler's conduct demonstrates the likelihood that Tapco will succeed on the merits with respect to the causes of action set forth hereinabove. The potential recovery of monetary damages will not redress the non-economic harm and injury Tapco has sustained and will potentially continue to sustain as a result of the Fraudulent Access.

60.     Tapco has no adequate remedy at law and will suffer irreparable harm in the event Kissler's wrongful conduct is not enjoined. Accordingly, Tapco seeks the following injunctive relief through a trial on the merits:

                a.     Kissler disclose to Tapco each and every instance of Fraudulent Access including the date and time of the access, the login credentials used, and the information obtained within 30 days of the issuance of such an order; and

b.      Kissler and its employees, agents, or any individual under its control be enjoined from further Fraudulent Access.

## APPLICATION FOR PERMANENT INJUNCTION

61.     For the reasons stated herein, Tapco ultimately requests that upon final trial of this cause a permanent injunction be issued. Tapco seeks an order enjoining Kissler and its employees, agents, or any individual under its control from further Fraudulent Access on a permanent basis.

## JURY DEMAND

62.     Tapco demands trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Elias Industries, Inc. prays that it:

a.      Recover all damages sustained as a result of Defendant Kissler & Co. Inc.'s activities;

b.      Defendant Kissler & Co. Inc. and its officers, directors, agents, servants, employees, and all those persons in active concert or participation with Defendant, be permanently enjoined and restrained from further commissions of the Fraudulent Access;

c.      Recover reasonable attorneys' fees and costs of court;

d.      Recover enhanced and punitive damages and costs of this action, together with pre- and post-judgment interest; and

e.      Recover such other and further relief as the Court deems just and proper.

Dated: July 6, 2020                    Respectfully submitted,

**FOLEY & LARDNER LLP**

By: */s/Leah R. Imbrogno*
Leah R. Imbrogno (PA ID No. 309450)
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
(313) 234-7100
limbrogno@foley.com

Peter S. Vogel*
Peter L. Loh*
Davis G. Mosmeyer III*
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
(214) 999-3000
pvogel@foley.com
ploh@foley.com
dmosmeyer@foley.com

*Pro hac vice* applications forthcoming

**ATTORNEYS FOR PLAINTIFF
ELIAS INDUSTRIES, INC.**