IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIAS INDUSTRIES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action No. 2:20-cv-1011 |
| KISSLER & CO. INC. | ) ) |
| Defendant. | ) |

**ELIAS'S MOTION TO DISMISS
KISSLER'S AMENDED COUNTERCLAIMS**

Plaintiff Elias Industries, Inc. ("Elias") respectfully moves this Court for an Order dismissing, with prejudice, the Counterclaims filed by Defendant Kissler & Co., Inc. ("Kissler") (ECF No. 74) and states as follows:

1. Elias commenced this action by filing its original complaint (the "Complaint") against Kissler on July 6, 2020. ECF No. 1.

2. Elias filed its Amended Complaint (the "Amended Complaint") on October 7, 2020. ECF No. 29.

3. Elias filed its Second Amended Complaint on June 10, 2021. ECF No. 73.

4. Kissler filed its Answer to Elias's Second Amended Complaint on June 18, 2021, which included six counterclaims (the "Counterclaims"). ECF No. 74.

5. Kissler's Counterclaims included claims for: (1) violation of the Lanham Act, 15 U.S.C. § 1125; (2) commercial disparagement; (3) defamation; (4) unfair competition; (5) attorneys' fees under 18 U.S.C. § 1836(b)(3)(D); and (6) attorneys' fees.

6. Elias moved to dismiss Kissler's Counterclaims on July 23, 2021. ECF No. 77.

7. On March 29, 2022, this Court granted Elias's motion and dismissed each of

1

Kissler's Counterclaims. ECF No. 86.

8. Kissler then filed its Amended Counterclaims on April 12, 2022. ECF No. 87.

9. Kissler's Amended Counterclaims should be dismissed in their entirety, with prejudice.

10. The legal bases supporting this motion are set forth in detail in the supporting brief filed contemporaneously with this Motion and summarized briefly below.

11. Count I (Lanham Act) is based upon Kissler's allegations that Elias misrepresents "the nature, characteristics, quality, approval and certification" of its plumbing parts. As was the case with Kissler's Counterclaims, Count I of the Amended Counterclaims "do[es] not contain any details with respect to the actions or statements, such as the content, author, or recipients of such statements." ECF No. 85 at p. 11 (Mem. Op.). As a result, Count I fails to satisfy the notice pleading standard of Rule 8—much less the intermediate pleading standard applied to Lanham Act claims by courts in the Third Circuit.

12. Count I (Lanham Act) is based upon Kissler's "information and belief" that Elias misrepresents the nature of certain plumbing parts that it sells. Pleading on "information and belief" is permitted if a plaintiff "sets forth specific facts upon which the belief is reasonably based." *Hollander v. Ortho-McNeil-Janssen Pharm., Inc*., No. 2:10-CV-00836-RB, 2010 WL 4159265, at *4 (E.D. Pa. Oct. 21, 2010). Kissler does not provide any factual support for its information and belief.

13. Counts II (commercial disparagement), III (defamation), IV (unfair competition), and V (tortious interference with existing and prospective contractual relations) are based upon allegedly false statements that (1) Elias made in the pleadings filed with this Court and through its dissemination of those pleadings (the "within-scope" allegations) and (2) other "written and oral

2

communications" to Elias's customers (the "outside-scope" allegations). But Counts II–V "incorporate all the previous factual allegations, which include not only certain statements and actions *within the scope* of the Complaints and the dissemination, but also statements and actions that Kissler asserts occurred *outside* the scope of the Complaints." ECF No. 85 at p. 11 (Mem. Op.). This Court previously dismissed Kissler's Counterclaims[1] because "the within-scope allegations are so intertwined with the outside-scope allegations [and] . . . the outside-scope allegations lack the requisite specificity under Rule 8." ECF No. 85 at p. 12. Counts II–V of Kissler's Amended Counterclaims fail for this same reason.

14.  To the extent that Counts II (commercial disparagement), III (defamation), IV (unfair competition), and V (tortious interference with existing and prospective contractual relations) are based on Elias's transmission of its complaint to its customers, the statements made in the course of transmitting the complaint—as this Court has already determined—were "literally true." ECF No. 68 at pp. 8–9. Truth is an absolutely defense to liability. *Marier v. Lance, Inc.*, 07-4284, 2009 WL 297713, at *2 (3d Cir. Feb. 9, 2009).

15.  Count II (commercial disparagement) is based upon Elias's statements in its pleadings about Kissler's conduct (i.e., its unauthorized access of Elias's computer systems), rather than Kissler's own goods and products. ECF No. 87 at ¶ 64(a)–(l). But, a "claim for commercial disparagement protects economic interests related to the marketability of goods" (as contrasted with a claim for defamation, which involves the reputation of persons, not products). *Mallory v. S&S Publishers*, 168 F. Supp. 3d 760, 774 (E.D. Pa. 2016).

---

[1] Count V (tortious interference) was not asserted in Kissler's Counterclaims but is based upon the same conduct underlying Counts II through IV.

Dated: May 10, 2022            Respectfully submitted,

                                        **FOLEY & LARDNER LLP**

By:    /s/ *Peter S. Vogel*
**Peter S. Vogel**
W.D. Pa. ID No. 20601500 (TX)
**Peter L. Loh**
W.D. Pa. ID No. 24036982 (TX)
**Davis G. Mosmeyer III**
W.D. Pa. ID No. 24106346 (TX)
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Tel: (214) 999-3000
Fax: (214) 999-4667
pvogel@foley.com
ploh@foley.com
dmosmeyer@foley.com

**Leah R. Imbrogno**
Pa. Id. No. 309450
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
Tel: (313) 234-7192
Fax: (313) 234-2800
limbrogno@foley.com

**Counsel for Plaintiff Elias Industries, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically on May 10, 2022. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Peter L. Loh*
Peter L. Loh

## CERTIFICATE OF CONFERRAL

I hereby certify that, on May 4, 2022, I conferred with counsel for Kissler & Co. Inc. regarding the relief sought in this motion. Counsel for both parties conferred in good faith regarding Elias's perceived deficiencies in Kissler's amended counterclaims. However, Kissler's counsel indicated that Kissler (1) did not believe its amended counterclaims were deficient and (2) did not believe any amendments were necessary. As a result, Elias files this motion to dismiss.

/s/ *Peter L. Loh*
Peter L. Loh