# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIAS INDUSTRIES, INC., | ) | |
| | ) | |
| | ) | Civil Action No. 2:20-cv-01011-CCW |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KISSLER & CO., INC., | ) | |
| | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

**<u>PROTECTIVE ORDER</u>**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order has been entered by Court.

1. This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information, or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given, or filed in this action that are designated by a party as "Confidential Information," or "Highly Confidential Outside Attorney Eyes Only Information," (collectively, "Protected Information") in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

2. For purposes of this Protective Order:

    (a) The "Confidential Information" designation shall mean that the document is comprised of commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Federal Rule of Civil Procedure 26(c)(7), or other information required by law or agreement to be kept confidential. This information may fall within one or more of the following categories: (i) information prohibited from disclosure by statute or contractual agreement; (ii) information that reveals trade secrets; (iii) research, technical, commercial, or financial information that the Party has maintained as confidential; (iv) personally identifiable information; or (v) other information the disclosure of which would, in the good faith judgment of the Producing Party, or Designating Party, be detrimental to the conduct of that Party's business or the business of any of that Party's customers or clients. The inclusion of the categories above does not reflect any agreement among the Parties that any such information is relevant for purposes of Rule 26.

    (b)    The "Highly Confidential Outside Attorney Eyes Only Information" designation shall mean that the document is comprised of Confidential Information that the producing party in good faith deems extremely sensitive, which may include, but is not limited to: (i) business or marketing plans; (ii) research and development information; (iii) identification of customers and sales histories; (iv) license agreements; (v) customer lists or information; (vi) negotiation strategies; (vii) proprietary software, systems, or processes; (viii) pricing information; (ix) financial information, including without limitation tax returns, profit/loss statements, and financial statements; (x) trade secrets; (xi) intellectual property; or (xii) other competitive intelligence. The inclusion of the categories above does not reflect any agreement among the Parties that any such information is relevant for purposes of Rule 26.

    (c)    Protected Information does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.    Protected Information may be designated in the following manner.

    (a)    Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

    (b)    Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Highly Confidential Outside Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY EYES ONLY INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

    (c)    A party may designate information disclosed at a deposition as Protected Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Protected Information. If no such designation is made at the deposition or within such fourteen (14) calendar day period (during which period, the transcript shall be treated as Highly Confidential Outside Attorney Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be

considered devoid of Protected Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

(d) It is the responsibility of counsel for each party to maintain materials containing Protected Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

4. Pursuant to Fed. R. Evid. 502(d) and this Protective Order, the inadvertent production of any confidential document or information without a designation of "**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**" or "**HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER**" as well as any privileged or work-product protected documents, electronically stored information or other information ("Inadvertent Production Material") is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding, regardless of whether (1) the holder of the privilege or protection took reasonable steps to prevent the disclosure; and (2) the holder of the privilege or protection took reasonable steps to rectify the error.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of the Inadvertent Production Material (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  It is expressly agreed that a claim of privilege with respect to Inadvertent Production Material pursuant to this Paragraph is not subject to the "reasonableness steps" requirements set forth in Fed. R. Evid. 502(b).

(a) If a claim of inadvertent production is made pursuant to this Protective Order with respect to produced materials then in the custody of another party, the party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the producing party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing (email being sufficient) to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

(b) A party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the materials in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

5. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party

change the designation. The producing party shall then have seven (7) days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this seven (7) day time frame, and after the conference required under Local Rule 37.1, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.  Nothing in this Order shall prevent the non-producing party from challenging a producing party's designation at any time, including, without limitation, the fact that the information at issue falls into one of the illustrative categories of information set forth in Section 2(a) or Section 2(b).  The producing party shall bear the burden of establishing that its information is appropriately designated under this Order.

6. Information designated as Protected Information may only be used for purposes of preparation, trial, and appeal of this action. Protected Information may not be used under any circumstances for prosecuting any patent application, for patent licensing or for any other purpose. The provisions of LCvR 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order, except as otherwise set forth herein.

7. Subject to paragraph 9 below, Confidential Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) in-house counsel who are identified by the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks and legal clerks; (e) experts or consultants; (f) any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (g) the Court and its personnel.

8. Subject to paragraph 9 below, Highly Confidential Outside Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the receiving party; (b) supporting personnel employed by (a), such as paralegals, legal secretaries, data entry clerks and legal clerks; (c) experts or consultants; (d) any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (e) the Court and its personnel.

9. Prior to disclosing Confidential Information or Highly Confidential Outside Attorney Eyes Only Information to a receiving party's proposed expert, consultant or employees, the receiving party shall provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The producing party shall thereafter have seven (7) days from receipt of the Confidentiality Agreement to object to any proposed individual. Such objection must be made for good cause and

in writing, stating with particularity the reasons for objection. Failure to object within seven (7) days shall constitute approval. If the parties are unable to resolve any objection, the receiving party may apply to the Court to resolve the matter. There shall be no disclosure to any proposed individual during the seven (7) day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection or the Court has ruled upon any resultant motion.

10. Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

11. Confidential Information or Highly Confidential Outside Attorney Eyes Only Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

    (a) the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

    (b) the person is a director, officer, employee, consultant or agent of the designating party; or

    (c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the Court and its personnel, and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of the Protected Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

12. The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

13. In the event that any party wishes to submit the other party's Highly Confidential Attorney Eyes Only Information to the Court, such party shall follow the procedures prescribed by this paragraph.

    (a) To the extent that a brief, memorandum, motion or pleading references any document marked as "**HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER**," then the brief, memorandum, motion or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

(b) Before any document marked as "**HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER**" is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as "**HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER**" to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

(c) Where agreement is not possible or adequate, the Party shall file all "**HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER**" information under seal pursuant to the Court's rules and procedures.

(d) The Party that designates the "**HIGHLY CONFIDENTIAL OUTSIDE ATTORNEY EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER**" information shall retain the burden of establishing that such materials are appropriate for filing under seal pursuant to all applicable rules and legal authority, including in response to any Order by the Court on a motion to file under seal filed by either Party with respect to such materials. A party filing the other party's Highly Confidential Outside Attorney Eyes Only Information shall not have an obligation to establish that such information is appropriate for filing under seal pursuant the applicable rules and legal authority.

(e) Nothing in this Order shall be interpreted to modify the applicable rules and legal authority governing filings under seal in this Court.

14. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Protected Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

15. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents containing Protected Information, and to certify in writing (email being sufficient) to the producing party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits, and attorney work-product, provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

16.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's information designated as Protected Information pursuant to this Protective Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

17.     It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

18.     Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.

|  |  |
|---|---|
| Dated: June 24, 2022 | */s/ Davis G. Mosmeyer III*<br>FOLEY & LARDNER LLP<br>Peter S. Vogel<br>Peter L. Loh<br>Davis G. Mosmeyer III<br>2021 McKinney Avenue, Suite 1600<br>Dallas, Texas 75201<br>Tel:  (214) 999-3000 / Fax:  (214) 999-4667<br>pvogel@foley.com<br>ploh@foley.com<br>dmosmeyer@foley.com<br><br>Leah R. Imbrogno<br>Pa. Id. No. 309450<br>500 Woodward Avenue, Suite 2700<br>Detroit, MI 48226<br>Tel:  (313) 234-7192 / Fax:  (313) 234-2800<br>limbrogno@foley.com<br><br>Counsel for Plaintiff |
| Dated: June 24, 2022 | */s/ Fridrikh V. Shrayber*<br>DENTONS COHEN & GRIGSBY P.C.<br>Fridrikh V. Shrayber (Pa. Id. No. 208083)<br>Connor P. Sease (Pa. Id. No. 327326)<br>625 Liberty Avenue, 5th Floor<br>Pittsburgh, PA 15222-3152<br>Tel: (412) 297-4900 / Fax: (412) 209-0672 |

        fred.shrayber@dentons.com
        connor.sease@dentons.com

Counsel for Defendant

BY THE COURT:

_____J.

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIAS INDUSTRIES, INC., | ) |
| | ) |
| | ) Civil Action No. 2:20-cv-01011-CCW |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| KISSLER & CO., INC., | ) |
| | ) |
| | ) |
| Defendant/Counterclaim Plaintiff. | ) |

**CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT OR EMPLOYEES OF ANY PARTY**

I hereby affirm that:

Information, including documents and things, designated as "Protected Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Protected Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Protected Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Protected Information are to be returned to counsel who provided me with such documents and materials.

Dated:_____   _____

**Exhibit B**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIAS INDUSTRIES, INC., | ) |
| | ) |
| | ) Civil Action No. 2:20-cv-01011-CCW |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| KISSLER & CO., INC., | ) |
| | ) |
| | ) |
| Defendant/Counterclaim Plaintiff. | ) |

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

Information, including documents and things, designated as "Protected Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Protected Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court.

Dated:_____   _____